No. 659
NEWBEGIN, Exec., v. NAT. CASUALTY CO.
Ohio Appeals, 6th Dist., Lucas County
No. 1425. Decided June 9th, 1924

647. INSURANCE—Jury justified in holding that death of deceased was not covered by terms of policy.

KINKADE, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action on an insurance policy brought by Newbegin as executor for Maud Osgood, deceased. The policy covered the loss from accident and accidental death. The insured was injured in December, 1919, and was again injured in March, 1920. She died in May, 1920. The insurance company claimed that the cause of her death was not covered by the policy and that she was only entitled

to recover $300 for her losses. The jury returned a verdict for the plaintiff in the sum of $300 instead of $1500, which was due the beneficiary of deceased in the event that her death was covered by the terms of the policy. Plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Under the facts of the case there was abundant evidence manifest in the record to justify the jury in finding that the insured did not die by reason of any cause insured against in the policy.

Attorneys—Doyle & Lewis and Robert Newbegin, for Newbegin; Marshall & Fraser and George R. Effler, for Casualty Company.

No. 660
SCHECHTMAN v. GT. AM. INS. CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5081. May 26, 1924

647. INSURANCE—Averment or evidence of waiver of proof loss, must be made or shown to recover loss.

PER CURIAM.                    Epitomized Opinion
Published Only in Ohio Law Abstract

Sam Schechtman brought this action in the Cleveland Municipal Court against the Great American Insurance Company to recover for loss on a fire insurance policy. The policy required proof of loss within 60 days, but it was not made until 62 days. The trial court rendered judgment dismissing the case for which error is prosecuted herein. The Court of Appeals held:

The pleadings did not show a waiver of the company as to the time of filing the proof of loss, nor any reason why the proof was not filed, and after defendant's answer was filed, setting up failure to file, no reply was filed, and the evidence does not show a waiver. The law is well settled in Ohio, 104 OS. 434, and other cases, that the proof of loss must be made, unless there be a waiver, and if there is any evidence to sustain it, the waiver becomes a question of fact for the jury to determine. In this case there being no averment nor proof of waiver, the court below was sought and the judgment must be affirmed.

Attorneys—I. H. Mellen, for Schechtman; Dustin, McKeehan, Merrick, Arter & Stewart, for Insurance Co.; all of Cleveland.